Arthur Bairstow, Defendant in Error, v. E. F. Rennacker, Plaintiff in Error.

Gen. No. 15,661.

CONTRACTS—*how to be construed.* No strained construction should be placed upon a contract; its natural construction will prevail.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N.

GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

CHARLES R. CASLER, for plaintiff in error.

FRANK JOHNSTON, JR., for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error was sued out to reverse a judgment for $180 and costs rendered April 9, 1909, by the Municipal Court of Chicago in favor of Arthur Bairstow against E. F. Rennacker.

So far as the matter is not purely one of fact, properly settled, in our view, by the finding of the court below, which tried the cause without a jury, it turns on the construction of a contract made between Bairstow and Rennacker. The contract read:

"Chicago, April 24, 1908.
This is to certify that I have received $100 from E. F. Rennacker as per agreement in turning over contract for paving, curbing, etc., Southport Ave. from Bryn Mawr to Balmoral, said being a city contract warrant number 34,428.
. I, E. F. Rennacker, agree to pay the undersigned the amount received from the City of Chicago for filling said street, providing he does same within time specified, which shall be within six days from completion of curb.
It is further agreed that E. F. Rennacker must complete said contract according to city specifications in the required time. It is also agreed that E. F. Rennacker is to pay for all materials and labor, etc., required in doing said work ordered by him.

(Seal)   ARTHUR BAIRSTOW.
(Seal)    E. F. RENNACKER."

This contract was the result of a negotiation between the parties as to the terms on which Rennacker could be substituted for Bairstow in the city contract named. It might, perhaps, by a somewhat strained construction, bear the in-

terpretation Rennacker now seeks to put on it, that it was only the filling done after its execution for which he was to pay Bairstow,—the $100 being understood to cover everything done under the contract before that time. We think the natural construction, however, is that contended for by Bairstow, that in addition to the $100 all the money received from the city for filling was to be paid to him on condition that he should complete the filling within the specified time.

This was the construction put on it by the trial judge below, who found also that the conditions had been complied with. We see no reason to question or disturb his decision.

The point that the suit was prematurely brought we do not consider well taken. The matter of the reserve fund is one between the city and Rennacker. The city, according to his own testimony, has allowed him for the filling, and he would have the $180 that is deposited with the city to meet this claim, if he were not contesting it. The payment to him and by him to the plaintiff can be practically contemporaneous.

There was no release of the city by Bairstow, as asserted by plaintiff in error. The city was not liable to him, and the court evidently so found. Thereupon, before judgment, and because of said finding, the cause was dismissed against the city.

The judgment of the Municipal Court is affirmed.

*Affirmed.*